IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORGE RODRIGUEZ, *Plaintiff,* v. THE CITY OF PHILADELPHIA, et al., *Defendants.* | CIVIL ACTION NO. 20-0819 |

**PAPPERT, J.**                                                                                           March 29, 2021

# MEMORANDUM

*Pro se* Plaintiff Jorge Rodriguez sued the City of Philadelphia, Commissioner Ross, Sergeant Doe, and Officers Cespedes, Spicer and Murphy and Scott Schweizer after he was purportedly falsely arrested and imprisoned from June of 2018 to March of 2019. On October 22, 2020, the City, Schweizer and Ross, the only Defendants served, moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Rodriguez never responded to the Motion, and on January 27, 2021 the Defendants filed a Motion to Dismiss for failure to prosecute. Rodriguez never responded to that Motion, either.

The Court ordered Rodriguez to respond to the Motions and warned him that failure to do so could result in dismissal of the Complaint. Now, considering the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Court dismisses the case for failure to prosecute.

I

Rodriguez filed his Complaint and application for leave to proceed *in forma pauperis* on February 12, 2020. *See* (App. to Proceed *In Forma Pauperis*, ECF 1);

(Compl., ECF 2.) The Court granted his application and deemed the Complaint filed on February 21. *See* (Order Granting App. to Proceed *In Forma Pauperis*, ECF 4). Rodriguez failed to submit required forms for the U.S. Marshal Service to serve his Complaint until September of 2020, *see* (Summons Returned Executed, ECF 12), even though he received reminders from the U.S. Marshal Service on March 11, May 6, June 23 and September 4, *see* (Status Reports ECF 5, 11); (Summons Returned Unexecuted ECF 9), and the Court Ordered him to submit them on June 24, July 29 and September 3, *see* (Orders to Submit Forms, ECF 6, 8, 10). Consequently, no Defendant was served until October 1, 2020. *See* (Summons Returned Executed 1–3). Only the City, Schweizer and Ross were served because the City Solicitor's Office was unable to locate Officers Cespedes, Spicer and Murphy. (*Id.* at 1–6.)

On October 22, 2020, the City, Schweizer and Ross moved to dismiss the Complaint pursuant to Federal Rule of Procedure 12(b)(6). *See generally* (First Mot. to Dismiss, ECF 13.) Rodriguez did not respond within fourteen days as required by Local Rule of Civil Procedure 7.1(c), and on November 18 the Court ordered him to do so by December 4 or risk dismissal of the Complaint for failure to prosecute. *See* (First Order to Respond to First Mot. to Dismiss, ECF 14). December 4 came and went without any word from Rodriguez, and the Court on December 18 again ordered Rodriguez to respond by January 8, 2021 or the case could be dismissed. *See* (Second Order to Respond to First Mot. to Dismiss, ECF 15). He never responded.

On January 27, 2021, the City, Schweizer and Ross filed their Motion to Dismiss for Failure to Prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See generally* (Second Mot. to Dismiss, ECF 16). Rodriguez never answered the Motion,

and on February 26 the Court ordered him to respond by March 12 and again warned that failure to do so could result in dismissal of his Complaint. *See* (Order to Respond to Second Mot. to Dismiss, ECF 17). Rodriguez has not responded, nor has he filed anything or had any contact with the Court since before Defendants' Motions were filed.

## II

Federal Rule of Civil Procedure 41(b) permits a court to dismiss a suit for failure to prosecute. Fed. R. Civ. P. 41(b). Before dismissing a case as a sanction for a party's litigation conduct, a court typically must consider and balance the factors identified by the Third Circuit in *Poulis v. State Farm Fire & Casualty Co.*:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions and (6) the meritoriousness of the claims or defenses.

747 F.2d at 868 (emphasis removed). "[N]o single . . . factor is dispositive," and there is no "magic formula" or "mechanical calculation" when analyzing the *Poulis* factors. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (citation omitted). That said, "[t]he record must support the District Court's findings." *Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019).

## III

Dismissal is warranted in this case. The first and fifth *Poulis* factors strongly weigh in favor of dismissal. As a *pro se* litigant, Rodriguez bears personal responsibility for failing to comply with the Court's multiple orders directing him to

respond to both of Defendants' Motions. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (finding *pro se* plaintiff's failure to comply with court orders could not be blamed on counsel). The Court's November 18, 2020, December 18, 2020 and February 26, 2021 Orders made clear Rodriguez's failure to respond could result in dismissal of the case. Additionally, in light of Rodriguez's *in forma pauperis* status, alternative sanctions short of dismissal—such as fines, costs, or an award of attorneys' fees—cannot be imposed. *See id.* at 191 (upholding a finding that monetary sanctions were not an alternative to dismissal where plaintiff was proceeding *in forma pauperis*).

The third and fourth *Poulis* factors also favor dismissal. With respect to the third, "a party's problematic acts must be evaluated in light of its behavior over the life of the case." *Adams v. Trustees of the N.J. Brewery Employees' Pension Trust* Fund, 29 F.3d 863, 875 (3d Cir. 1994). Here, no Defendant was served for over seven months after the Complaint was filed because Rodriguez failed to submit information to the U.S. Marshals Service. Defendants' first potentially dispositive Motion has been before the Court without any response from Rodriguez for over five months, and their second Motion has been on the docket for two months and Rodriguez, despite multiple orders (and warnings) has taken no action.

With respect to the fourth factor, Rodriguez's conduct suggests he no longer intends to participate in the case. There is nothing to indicate he has not received the Court's Orders. Courts have held where there is no indication that a plaintiff's failure was from excusable neglect, "the conclusion that [their] failure is willful is inescapable." *Palmer v. Rustin*, No. 10-42, 2011 WL 5101774, at *2 (W.D. Pa. Oct. 25, 2011); *see also Roman v. City of Reading*, 121 F. App'x 955, 960 (3d Cir. 2005) ("Absence of reasonable

excuses may suggest that the conduct was willful or in bad faith."); *Mohler v. Synchrony Bank*, No. 4:17-cv-2260, 2019 WL 2127349, at *4 (M.D. Pa. Apr. 29, 2019, *report and recommendation adopted*, No. 4:17-cv-2260, 2019 WL 2126700 (M.D. Pa. May 15, 2019) (finding plaintiff's "silence and failure to litigate" after six months of not communicating with the court "le[]d to an inference that he has willfully abandoned this case.").

The second and sixth *Poulis* factors are more neutral. Defendants argue Rodriguez's failure to respond "is highly prejudicial" because "it has deprived Defendants of the disposing of this case without investing efforts in discovery and deprived Defendants the opportunity to adequately investigate this matter, including evaluating records and taking witness testimony." (Second Mot. to Dismiss 4) It is not clear, however, that Rodriguez's unresponsiveness substantially prejudices them. *See Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984) (offering examples of prejudice such as the "irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party"). Moreover, without a response from Rodriguez, the Court is "uncertain of the contours" of his claims or their meritoriousness. *See Allen v. Am. Fed'n of Gov't Employees*, 317 F. App'x 180, 181 (3d Cir. 2009).

In sum, four of the *Poulis* factors—personal responsibility, availability of alternative sanctions, history of dilatoriness and willfulness—weigh in favor of dismissal and the two remaining factors—prejudice and meritoriousness of the claims— carry little to no weight. As the Third Circuit has explained:

> [N]ot all of the *Poulis* factors need to be satisfied in order to dismiss a complaint. . . . Instead, the decision must be made in the context of the district

5

> court's extended contact with the litigant. Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by this Court—a court which has had no direct contact with the litigants and whose orders, calendar, docket and authority have not been violated or disrupted.

*Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *see also Hildebrand*, 923 F.3d at 132 ("Dismissal is a sanction rightfully in the district court's toolbox, and this Court 'has not hesitated to affirm the district court's imposition of sanctions, including dismissals in appropriate cases.'"). The Court accordingly grants Defendant's Motion to Dismiss for failure to prosecute and dismisses this case with prejudice.

An appropriate Order follows.

BY THE COURT

 */s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.